UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARLON SYMS,                              :
      Petitioner,                      :
                         :                              PRISONER
v.                                        :          CASE NO. 3:15cv979 (MPS)
                         :
KIMBERLY WEIR,                            :
      Respondent.                      :

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Marlon Syms, currently confined at the Carl Robinson Correctional Institution in Enfield, Connecticut, filed this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his conviction for robbery and conspiracy to commit robbery. The respondent moves to dismiss the petition on the ground that the petitioner failed to exhaust his state court remedies with regard to all grounds for relief. The Court agrees that the petitioner did not exhaust his state court remedies and grants the respondent's motion.

I.      Procedural Background

On March 19, 2009, the petitioner entered a guilty plea to charges of robbery and conspiracy to commit robbery. On June 24, 2009, he was sentenced to a term of imprisonment of fourteen years followed by six years of special parole. The sentence was imposed to run consecutive to an earlier, unrelated sentence. The petitioner did not appeal.

On December 23, 2009, the petitioner filed a state habeas action. In his third amended petition, filed with the assistance of counsel, the petitioner challenged his conviction on two grounds. First, he argued that counsel was ineffective in sixteen ways. Second, he argued that his jail credit was incorrectly calculated. Third Am. Pet., Resp't's Mem. App. B, Doc. #9-5 at 17-21. After a trial on the merits of the claims, the state court denied the petition. *Syms v.*

*Warden, State Prison*, No. CV10-4003372, 2012 WL 6846383 (Conn. Super. Ct. Dec. 12, 2012).

The Connecticut Appellate Court affirmed the judgment of the trial court without decision. *Syms*

*v. Commissioner of Correction*, 100 A.3d 473 (Conn. App. 2014).  The petitioner sought

certification from the Connecticut Supreme Court.  He raised only one argument, whether the

trial court properly apprised him of the likely length of his sentence, and thus whether his guilty

plea was knowing and voluntary.  Pet. for Cert., Resp't's Mem. App. F., Doc. #9-9 at 4-5.  On

December 10, 2014, the Connecticut Supreme Court denied certification. *Syms v. Commissioner*

*of Correction*, 104 A.3d 798 (Conn. 2014).

The petitioner commenced this action by petition signed May 26, 2015.

II.   Standard of Review

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a).  Before filing a petition for writ of habeas corpus in federal court, however, the

petitioner must properly exhaust his state court remedies, thereby giving the state courts an

opportunity to correct any alleged errors. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28

U.S.C. § 2254(b)(1)(A).  The Second Circuit requires the district court to conduct a two-part

inquiry.  First, a petitioner must present the factual and legal bases of his federal claim to the

highest state court capable of reviewing it.  Second, he must have utilized all available means to

secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.),

*cert. denied*, 544 U.S. 1025 (2005).

III.   Discussion

2

The petitioner challenges his conviction on four grounds:  (1) his guilty plea was not made knowingly, intelligently, or voluntarily because he did not understand that the sentence would be consecutive to an unrelated conviction; (2) the petitioner was not permitted to withdraw his plea; (3) ineffective assistance of counsel; and (4) denial of equal protection of the laws.  The respondent contends that the petitioner has exhausted his state court remedies only as to the first ground for relief.

The parties agree that the petitioner exhausted his state court remedies for the first ground for relief, his claim that his plea was not knowingly, intelligently, or voluntarily made because he was not made aware that the sentence would run consecutive to another sentence.[1]

The petitioner explains the second ground for relief as being unable to withdraw his guilty plea after learning that the sentence would run consecutive to, rather than concurrent with, his other sentence.  The petitioner did not assert a ground relating to withdrawing his guilty plea in his petition for certification to the Connecticut Supreme Court.  Thus, he has not exhausted his state court remedies with regard to the second ground.  The respondent notes that the first two

---

[1] Despite the parties' agreement on this point, it appears from the state court documents that petitioner did not present this claim to the state trial court reviewing his habeas petition.  Instead of arguing that his plea was not knowing and voluntary, petitioner argued to the state habeas trial court that he receive ineffective assistance of counsel because his attorney failed to warn him of the potential of a consecutive sentence. *Syms*, 2012 WL 6846383, at *1 ("The petitioner specifically alleges that Attorney Spears rendered ineffective assistance in his robbery case in that: . . . Attorney Spears incorrectly advised the petitioner as to the . . . possibility of consecutive sentences . . ."). Petitioner did present the argument that his plea was not knowing and voluntary to the Appellate Court of Connecticut and Connecticut Supreme Court. *See* Docs. # 9-6, 9-9.  Because the Appellate Court of Connecticut and the Connecticut Supreme Court disposed of petitioner's appeal in summary fashion, however, it is unclear whether those courts considered this claim procedurally defaulted.  If they did, the independent and adequate state grounds doctrine would bar petitioner from presenting this claim in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Despite this procedural concern, the Court may properly consider this claim because respondent expressly waived its exhaustion defense by agreeing in its briefing that petitioner exhausted the first ground for relief listed in his petition. *See Cornell v. Kirkpatrick*, 665 F.3d 369, 376 (2d Cir. 2011) (ruling that a habeas respondent waives its exhaustion defense when it expressly concedes in its briefing that petitioner exhausted a particular claim).

grounds are both premised on the fact that the petitioner did not know that the sentence would be consecutive rather than concurrent.  The respondent argues that, if the petitioner merged the two grounds into a challenge to the validity of his guilty plea based on the consecutive/concurrent sentence issue, his petition for certification would serve to exhaust the merged ground.  In his opposition, the petitioner states that he would be amenable to such a merger.  Doc. #14 at 13 ("Should Honorable Court find it more suitable to merge the grounds to resolve this issue petitioner respects the c[]ourt[']s determination.").

The third ground is a claim for ineffective assistance of counsel.  The petitioner raised this claim in his state habeas petition but did not include it in his petition for certification.  Thus, the claim is not exhausted because it has not been presented to the Connecticut Supreme Court.  The fourth ground asserts denial of equal protection of the laws in judicial proceedings in state court.  The petitioner has not presented this claim to any state court.  Thus, this ground also is not exhausted.

The petitioner has filed a mixed petition, containing both exhausted and unexhausted claims.  Federal district courts are generally required to dismiss mixed petitions.  *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).  Under some circumstances, however, the district court may stay a mixed habeas petition to enable the petitioner to present his unexhausted claims to the state court and then return to federal court for review of all of his claims.  A stay should be utilized only in limited circumstances, where the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition, and the petitioner may be time-barred if the case were dismissed.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *see also*

4

*Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).

The respondent argues that a stay would be inappropriate in this case because the petitioner has no available state court remedies to assert his third ground for relief and the fourth ground, even if it were exhausted, does not assert a claim cognizable in a federal habeas action. The petitioner disagrees.

First, the petitioner argues that the second ground for relief should be considered exhausted because he cited a state case that referenced the standard for withdrawing a guilty plea. A review of the petition for certification shows that the petitioner's only claim was that the trial court breached its duty to inform him whether the sentences would be consecutive or concurrent. Pet. for Cert., Resp't Mem. App. F., Doc. #9-9 at 4. The only reference to withdrawing the plea is a statement that once the petitioner learned the sentences would be consecutive, it was too late to withdraw the plea. *Id.* at 5. The Court concludes that the petitioner did not separately exhaust his state court remedies on the second ground for relief.

Second, the petitioner contends that by including references to counsel's representation in the factual summary included in the petition for certification, he has exhausted the third ground for relief. The petitioner is incorrect. He had a responsibility to alert the Connecticut Supreme Court of all claims for which he sought review. The petitioner was required to present both the factual and legal bases of his claims to the state court. *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971) (holding that the substance of a federal claim must first be presented to the state courts; presenting the state courts with the required facts is not enough). As stated above, the

only legal challenge included in the petition for certification was to the validity of the guilty plea. Thus, the petitioner has not exhausted his third ground for relief.

The respondent notes that the petitioner asserted an ineffective assistance of counsel claim in the state trial court and the Connecticut Appellate Court affirmed the denial of that claim. Thus, the respondent argues that the petitioner cannot return to state court to litigate a second ineffective assistance of counsel claim. In his federal petition, the petitioner states that counsel was ineffective because he failed to advise the petitioner that involuntary intoxication and lack of capacity were not defenses to the charges against him. Pet., Doc. #1 at 14. The petitioner included this example of ineffective assistance in his third amended state petition. Third Am. Pet., Resp't's Mem. App. B, Doc. #9-5 at 19, ¶ 9(l).  As the petitioner already presented this claim to the state courts, he would not have to file a new state habeas action. As he did not include ineffective assistance of counsel in his petition for certification, the petitioner would be required to seek leave to file an untimely second petition for certification. Neither party addresses whether such a petition would be futile.

Finally, the respondent argues that returning to state court to exhaust the fourth ground for relief would be futile because the claim is not cognizable in a federal habeas action. In his fourth ground, the petitioner contends that he was denied equal protection of the laws because the state appellate courts failed to follow their own precedents when they considered his claims. As the petitioner did not file a direct appeal, the only involvement of the appellate courts was during the state habeas action.

The petitioner can challenge his conviction in a federal habeas action only on the ground that his conviction or sentence violates the Constitution or federal law. 28 U.S.C. § 2254(a).

Neither the Constitution nor federal law requires the state to provide post-conviction remedies.
*Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001).  Thus, any errors occurring in
state post-conviction proceedings are not cognizable in a federal habeas action.  *Word v. Lord*,
648 F.3d 129, 131-32 (2d Cir. 2011); *see also Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir.
2007) (holding petitioner's claim that the state applied the wrong legal standard in post-
conviction proceeding was not constitutional error cognizable under § 2254), *cert. denied*, 553
U.S. 1035 (2008).  Contrary to his argument in opposition to the motion to dismiss, the
petitioner's fourth ground is not directed to the legality of his plea hearing or sentencing; rather
the ground challenges the actions of the appellate courts during post-conviction proceedings.
Thus, this ground fails to assert a claim cognizable in federal court.

In sum, the first ground is exhausted, the second ground is not exhausted as an
independent claim but can be considered exhausted if the petitioner were to file an amended
petition merging the first two grounds, the third ground is not exhausted and the Court cannot
determine whether exhaustion would be futile, and the fourth ground is not exhausted and fails to
state a claim cognizable in a federal habeas action.  The petitioner has made no showing of good
cause for failing to exhaust his state remedies on all grounds before commencing this action.
Thus, dismissal of the petition is warranted.

However, contrary to the respondent's assumption, the petitioner would be time-barred
from refiling a federal petition after completing the exhaustion process.  Filing a federal habeas
petition does not toll the limitations period.  *See Duncan v. Walker*, 533 U.S. 167, 172 (2001).
The limitations period began to run on July 15, 2009, at the conclusion of the time within which
the petitioner could have filed a direct appeal of his sentence.  The limitations period was tolled

161 days later, on December 23, 2009, when the petitioner filed his state habeas petition.  *See* 28 U.S.C. 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  The limitations period began to run again on December 11, 2014, the day after the Connecticut Supreme Court denied the petition for certification, and expired on July 3, 2015, about six weeks after the filing of this action.  The petitioner did not commence a second state habeas action until July 27, 2015.  The second state petition cannot toll the limitations period as the period expired before the petition was filed.

Because the petitioner would be time-barred from filing another federal petition, the Court will dismiss this action and close the case without prejudice to reopening.  If the petitioner intends to merge grounds one and two and proceed only on the merged ground, he shall file a motion to reopen along with an amended petition containing only the merged ground within thirty (30) days from the date of this order.  Should he wish to return to state court and to complete the exhaustion process, he shall file his motion to reopen and amended petition containing all exhausted claims he intends to pursue within thirty (30) days from the date the Connecticut Supreme Court issues a ruling.

IV.    Conclusion

The respondent's motion to dismiss [**Doc. #9**] is **GRANTED** and the petition is **DISMISSED** without prejudice to reopening under the conditions set forth above.

Because reasonable jurists would not find it debatable that the petition is a mixed petition containing exhausted and unexhausted claims, a certificate of appealability will not issue.  *See*

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 18th day of December 2015, at Hartford, Connecticut.

___/s/_____
Michael P. Shea
United States District Judge

9