UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARLON SYMS                         :
                                    :         PRISONER
v.                                  :    Case No. 3:15cv979 (MPS)
                                    :
KIMBERLY WEIR                       :

RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Marlon Syms filed this action under 28 U.S.C. § 2254, challenging his conviction, following a guilty plea, for robbery in the first degree and conspiracy to commit robbery in the first degree. Petitioner argues that the trial court's failure to inform him when he pled guilty that it would run his sentence consecutively to an earlier, unrelated sentence made his guilty plea unknowing and involuntary, and warrants federal habeas relief. Because the requirements of due process, as construed by the United States Supreme Court, demand only that the trial judge inform the defendant of the "direct consequences" of a guilty plea, and because no United States Supreme Court case holds that those consequences include whether a sentence will run consecutively to another sentence, I conclude that the petition must be denied.

I.      Procedural Background

On March 19, 2009, the petitioner entered a guilty plea to charges of robbery in the first degree and conspiracy to commit robbery in the first degree. On June 24, 2009, the court sentenced the petitioner to a term of imprisonment of fourteen years, to be served consecutive to an earlier, unrelated two-year sentence, followed by six years of special parole. The petitioner did not appeal.

On December 23, 2009, the petitioner filed a petition for writ of habeas corpus in state

court. In the third amended petition, filed by appointed counsel, the petitioner asserted two claims: ineffective assistance of counsel, and improper calculation of jail credits. After a trial on the merits, the state court denied relief. *See Syms v. Warden, State Prison*, No. TSRCV10-4003372, 2012 WL 6846383 (Conn. Super. Ct. Dec. 12, 2012).

The petitioner raised two grounds on appeal: (1) the habeas court incorrectly rejected his claim of ineffective assistance of counsel and (2) the plea was not knowing and voluntary because the trial court failed to advise the petitioner of the likely length of his sentence. *See* Resp.'s Mem. App. C, ECF No. 9-6 at 3. The Connecticut Appellate Court affirmed the judgment without opinion, and the Connecticut Supreme Court denied certification without opinion. *See Syms v. Commissioner of Correction*, 100 A.3d 473 (Conn. App.), *cert. denied*, 104 A.3d 798 (Conn. 2014).

The petitioner commenced this action in June 2015. On December 18, 2015, the Court dismissed the petition without prejudice to reopening on the ground that the petitioner had not exhausted his state court remedies with regard to all grounds for relief. *See Syms v. Weir*, No. 3:15-cv-979(MPS), 2015 WL 9272831 (D. Conn. Dec. 18, 2015) (ruling on respondent's motion to dismiss). The petitioner subsequently reopened this action and filed an amended petition asserting only one ground, that his guilty plea was not knowing and voluntary because the court did not inform him that his sentence would be consecutive to, and not concurrent with, his prior sentence. *See* Am. Pet., ECF No. 20.

II.     Factual Background

At the petitioner's plea hearing, the prosecutor set forth the following facts regarding the robbery offenses.

> [ASSISTANT STATE'S ATTONEY]: Facts, Judge, we have an April 2, 2008 incident, 1127 Capitol Avenue. That's in the city of Hartford. The location is a Gulf gas station. The defendant, Jhuge Arnold and a third male, entered the station near closing. The defendant walks in and as he walks in he then pulls a mask on after he gets in the store and there's a video surveillance going at that time. He has in his hand a silver handgun. He points it at the individual, the employee behind the counter handling the register. The third unknown party goes behind and gets money out of the register. Jhuge Arnold is the lookout. They subsequently flee the location with money.

Resp't's Mem. App. A at 3-4, ECF No. 9-4 at 4-5.

III.    Standard of Review

A federal court may not grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by a state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Clearly established federal law" as defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context." *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.), *cert. denied*, 537 U.S. 909 (2002). Such law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision. *White v. Woodall*, ___ U.S. ___, 134 S. Ct. 1697, 1702 (2014). Second Circuit law with no counterpart in Supreme Court jurisprudence cannot provide a basis for federal habeas relief. *Renico v. Lett,* 559 U.S. 766, 778 (2010)

3

(holding that court of appeals erred in relying on its own decision in a federal habeas action); *see also Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005) (absent a Supreme Court case establishing a particular right, federal court inference of right does not warrant federal habeas relief).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or where it decides a case differently than the Supreme Court on essentially the same facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case. The state court decision must be more than incorrect; it must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Burt v. Titlow*, ___ U.S. ___, 134 S. Ct. 10, 15 (2013) (federal habeas relief warranted only where the state criminal justice system has experienced an "extreme malfunction"); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (objective unreasonableness is "a substantially higher threshold" than incorrectness).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

IV.   Discussion

The petitioner contends that his guilty plea was not knowing and voluntary because the court did not inform him that his sentence would be consecutive to, and not concurrent with, his prior sentence. To obtain federal habeas relief, the petitioner must show that (1) the state court addressed the merits of his claim and (2) the state court's decision was contrary to, or an

4

unreasonable application of, Supreme Court law. I conclude that while the petitioner has made the first showing, he has not made the second.

      A.    *The State Court Rejected the Claim on the Merits*

Although the petitioner did not assert this claim in his state habeas petition, the state habeas court addressed the issue in the context of determining whether counsel was ineffective for failing to inform the petitioner that the sentence could be consecutive rather than concurrent. On appeal, the petitioner did raise the issue of whether his plea was not knowing and voluntary due to the trial court's failure to inform him of "the likely length of his aggregate sentence." (ECF No. 9-5 at 39.) The Connecticut Appellate Court affirmed the decision without opinion. He also raised the issue in his petition for certification to appeal to the Connecticut Supreme Court (ECF No. 9-9 at 4), which was denied without opinion.

Section "2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Thus, where a state court is silent on whether the decision rests on the merits or a procedural ground, the district court may assume that the claim was adjudicated "on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. Although Connecticut appellate courts routinely decline to address claims raised for the first time on appeal, *see, e.g., State v. Daniel W.E.*, 142 A.3d 265, 275 n.8 (Conn. 2016), there is no indication in the abbreviated rulings of the Connecticut Appellate and Supreme Courts that either court was relying on a procedural default. This Court therefore presumes that the Connecticut appellate courts rejected on the merits the Petitioner's claim that his plea was unknowing and involuntary. *See Harrington*, 562 U.S. at 99-100 (noting that petitioner failed to show that claim was decided on

5

procedural grounds rather than on the merits and declining to engage in speculation); *see also Harris v. Reed*, 489 U.S. 255, 265 (1989) (requiring plain statement that habeas case was decided on state procedural default to overcome presumption that federal claims were decided on the merits).[1]

"Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. He can do this by showing that the state decision is contrary to or an unreasonable application of Supreme Court law. The Petitioner has failed to make such a showing in this case.

      B.      *The State Court's Adjudication Was Not Contrary to and Did Not Involve an Unreasonable Application of Supreme Court Precedent*

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (citation and internal quotation marks omitted). "It is a settled principle of constitutional law that a guilty plea violates due process and is therefore invalid if not entered voluntarily and intelligently." *Wilson v. McGinnis*, 413 F.3d 196 (2d Cir. 2005). For a guilty plea to be considered knowing and voluntary, the trial court must advise a criminal defendant of the "direct consequences" of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). To date, the Supreme Court had not specified which consequences of a guilty pleas are considered the "direct consequences."

---

[1] In any event, because the claim fails on the merits, it would not matter if the Appellate or Supreme Court declined to address it because of a state procedural rule. Even if the Petitioner could show that any such procedural default resulted from an error by counsel, he could not establish the prejudice component of an ineffective assistance of counsel claim, because the underlying claim lacks merit.

*Pignataro v. Poole*, 381 F. App'x 46, 49 (2d Cir. 2010) ("The Supreme Court has not defined which consequences of a guilty plea are direct and which are collateral.").

For its part, the Second Circuit defines "direct consequences" to be "those that have a definite, immediate and largely automatic effect on on the range of the defendant's punishment." *Wilson*, 413 F.3d at 199. In *Wilson*, which involved a habeas challenge to a consecutive sentence imposed by a New York state court, the Second Circuit found that the prospect that one state sentence might be imposed consecutively to another was not such a "direct consequence," and rejected a claim virtually identical to the one made by the Petitioner here. The court found that the "two sentences were not contingent on one another," "one sentence was [not] increased by imposition of the other," and the trial judge retained discretion to impose the second sentence consecutively or concurrently. *Id.* at 200. The court concluded that the state habeas petitioner "was not denied due process when he was not informed that his sentence for robbery would run consecutively to his undischarged sentence for the drug felony." *Id.* at 200. The determination whether a sentence will run consecutively or concurrently is discretionary in Connecticut courts too. Conn. Gen. Stat. § 53a-37; *State v. Banks*, 59 Conn. App. 145, 149 (2000) ("The determination whether to impose concurrent or consecutive sentences is a matter within the sound discretion of the trial court."). Thus, following *Wilson*, I conclude that the trial court's failure to inform the Petitioner that the sentence on the robbery charges would be imposed consecutively to the undischarged state sentence he was already servicing did not amount to a failure to advise him of the direct consequences of his plea and thus did not render his guilty plea unknowing or involuntary. There is, in any event, no Supreme Court precedent holding that whether a sentence is consecutive or concurrent is a direct consequence of a guilty plea that must

7

be communicated to a criminal defendant for the plea to be considered knowing and voluntary. Accordingly, the trial court's actions in this case cannot be contrary to, or an unreasonable application of, Supreme Court law.

In his reply brief, the petitioner points out that the Connecticut Supreme Court has held that the failure to inform a criminal defendant that his sentence will run consecutive to, rather than concurrent with, another sentence may be a sufficient ground to find a guilty plea to be unknowing and involuntary.  (ECF No. 39 at 10 (citing *State v. Collins*, 176 Conn. 7, 10 (1978)("At the time that the defendant entered his plea of guilty, however, there was no discussion of whether agreed-upon sentence would run consecutively to or concurrently with any outstanding sentence….   The plea was manifestly not intelligently made, and it was a denial of due process to refuse to allow the defendant to withdraw it.")).  This Court may not grant federal habeas relief, however, even if the state habeas court's decisions were contrary to the Connecticut Supreme Court's interpretation of federal due process requirements.[2]  Rather, as

---

[2] It does not appear that they were in this case.  Unlike in *Collins*, the *aggregate* sentence in this case – the two years' imprisonment imposed on the undischarged sentence plus the fourteen years' imprisonment imposed on the sentence being challenged here – fell within the range of ten to twenty years that the trial court advised the defendant he might receive for the second sentence alone.  The habeas court made the same point in rejecting the Petitioner's state habeas petition.  *Syms v. Warden*, 2012 WL 6846383 *6 (J.D. Tolland Dec. 12, 2012)("[b]ecause that total, effective sentence [i.e., the 16 year aggregate sentence] fell within the maximum length of incarceration indicated by the [trial] judge, the petitioner had no right to withdraw his guilty pleas on the basis of having the sentences run consecutively.").  The habeas court further made the following finding of fact to buttress that conclusion: "[E]ven if the petitioner was explicitly informed that the sentence in the robbery case might be made consecutive to the remainder of the two-year sentence, which had been imposed almost one year before sentencing in the Hartford case, the petitioner would still have chosen to plead guilty." *Id.* at *5.  The petitioner has failed to offer clear and convincing evidence to overcome the presumption of correctness I must accord to that finding.  Thus, it does not appear that even the Connecticut Supreme Court would have found any due process violation to be harmful error.  *See, e.g., State v. Brown*, 279 Conn. 493, 505 (2006)("In most cases involving constitutional violations, however, this court applies harmless error analysis.").

explained above, it may do so only if the state habeas court's decisions are contrary to decisions of *the United States Supreme Court* and, as shown, that is not the case.

V.      Conclusion

The Amended Petition for Writ of Habeas Corpus [**ECF No. 20**] is **DENIED**.  The Court concludes that an appeal of this order would not be taken in good faith.  Thus, a certificate of appealability will not issue.

The Clerk is directed to enter judgment in favor of the respondent and close this case.

**SO ORDERED** this 7th day of December 2016, at Hartford, Connecticut.

>       ____/s/_____
>       Michael P. Shea
>       United States District Judge